STATE OF NORTH CAROLINA v. ANTHONY T. BOBBITT

No. 759SC943

(Filed 7 April 1976)

**Robbery § 5— armed robbery — summarization of testimony proper**
> The trial court in a prosecution for armed robbery did not err in his summarization of the evidence when he stated that defendant

---

---

told his companion to pick up money from the counter of a store and the companion picked up the money and carried it out of the store, though the victim of the robbery whose testimony was being summarized did not specifically state that the companion picked up the money.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 11 August 1975 in Superior Court, VANCE County. Heard in the Court of Appeals 10 March 1976.

Defendant was charged in a bill of indictment with the felony of armed robbery.

The State's evidence tends to show the following: Between 9:00 p.m. and 10:00 p.m. on 30 September 1974 defendant and an accomplice robbed the Currin Minute Mart in Henderson of $400.00 to $500.00. In carrying out the robbery, defendant threatened the manager of the store with a shotgun. Defendant was known to the manager and an employee and was readily identified. Defendant was seen standing outside the store shortly before the robbery by a former girl friend. Defendant left Henderson and was not arrested until his return in April 1975.

Defendant offered evidence which tended to show the following: Defendant is eighteen years of age. He dropped out of school after the tenth grade. About a week before the alleged robbery defendant went to New Jersey for a vacation. He stayed in New Jersey about seven months. He testified: "Before I left to go to New Jersey I lived everywhere. I was not working. I was not living in any special place. I do have some family and I live with them sometimes." Defendant returned to Henderson in April 1975 to straighten out a few assault warrants that had been issued against him. He was arrested on this robbery charge about two and one-half hours after he arrived in Henderson. He was in New Jersey at the time of the alleged robbery, and he did not rob the Minute Mart.

From a verdict of guilty and judgment of imprisonment for a term of thirty years, defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John M. Silverstein, for the State.*

*Henry W. Hight, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant argues that the trial judge, in his instructions to the jury, assumed certain crucial facts which were not in evidence and thereby expressed an opinion upon the evidence.

The trial judge is not required to recapitulate the testimony of a witness in the exact words used by the witness. It is sufficient for the trial judge to fairly summarize the evidence for the purpose of explaining the law applicable thereto. The two portions of the trial judge's recapitulation of the evidence of which defendant complains are as follows:

> "[T]hat Mr. Winstead removed the money from the cash register, money amounting to four or five hundred dollars in cash; that he put it on the counter, and that the defendant told the other man to pick it up; that the other man did pick up the cash in accord with the defendant's orders;
>
> . . . .
>
> "The State also offered evidence tending to show that Mr. Winstead did not give the defendant permission to take and carry away the money; that he removed from the cash register and laid on the counter and which was carried out of the store by the defendant's companion at the direction of the defendant; that the money has not been returned; that it has not been seen by Mr. Winstead from that day until this."

Defendant contends that the State did not offer evidence to establish that either defendant or his accomplice picked the money up from the counter and carried it away. Of course, the taking and carrying away is an essential element of the crime of robbery.

The State's evidence upon this element comes from the testimony of the manager of the store as follows:

> "I turned around and the Defendant, Tony Bobbitt told me it was a hold up, to give him the money. There was one other colored person with the defendant but I could not identify him. I opened the register and put roughly four hundred fifty dollars on top of the counter.
>
> "THE DISTRICT ATTORNEY: And at that time which of the two parties picked up the money, if they did?

"LAWRENCE WINSTEAD: The defendant asked, told the other party to pick up the money and let's go.

.   .   .   .   .

"I did not give the two men permission to take anything from the store; especially the money.

"THE DISTRICT ATTORNEY: Would you have given up the money, had it not been for the shotgun that you testified was pointed at you?

"LAWRENCE WINSTEAD: No, sir.

"I was custodian of the money in that store.

"THE DISTRICT ATTORNEY: What did the two men do after they got the money, Mr. Winstead?

"LAWRENCE WINSTEAD: Well, when I finished putting the money on top of the counter

"THE COURT: Put it on top of the counter?

"LAWRENCE WINSTEAD: Yes, sir, the one with the gun which was Anthony Bobbitt told the other one to get the money and let's go. They turned around the side of the building and there was a blast from a shotgun, just seconds later."

The clear meaning of the foregoing testimony is that defendant's accomplice picked up the money while defendant held the shotgun and that the two men left the store with the money.

We find no prejudicial error in the instructions about which defendant complains.

No error.

Judges VAUGHN and MARTIN concur.